IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

21st MORTGAGE CORPORATION,

                Appellant,

v.

DAVID LESTER WARFEL, JR. and
JEANNE MARIE WARFEL,

                Appellees.

OPINION and ORDER

22-cv-96-jdp

---

    This is a bankruptcy appeal of a Chapter 13 reorganization plan. 21st Mortgage Corporation, which provided financing to Jeanne and David Warfel to purchase a manufactured home, contends that the bankruptcy court erred by "finding that the debtors met their burden of proving the requirements for confirming their chapter 13 plan." Dkt. 4, at 6.

    Proceedings continued in the bankruptcy court after 21st Mortgage filed its appeal. In September 2022, the Warfels moved to modify the plan in the bankruptcy court, and the court later confirmed the modified plan. *In re Warfels*, 20-11651-cjf (Bankr. W.D. Wis.), Dkt. 165 and Dkt. 170. 21st Mortgage did not object to the proposed plan or to the bankruptcy court's decision to modify the plan. In October 2022, the trustee moved to dismiss the proceeding because the Warfels were not making the payments required by the plan. *Id.*, Dkt. 171. In response, the bankruptcy court directed the Warfels to submit another modified plan. *Id.*, Dkt. 174. The Warfels have complied with the order, and 21st Mortgage has objected to the proposed plan on the ground that it doesn't account for 21st Mortgage's debt. *Id.*, Dkt. 175 and Dkt. 180. A hearing on the Warfels' motion to modify is scheduled in the bankruptcy court on March 27, 2023. *Id.*, Dkt. 182.

It isn't clear whether the bankruptcy court should have implemented or modified the plan while the plan was being challenged on appeal. In arguing that the bankruptcy court should have refrained from proceeding further, 21st Mortgage cites *Matter of Statistical Tabulating Corp., Inc.*, 60 F.3d 1286, 1289–90 (7th Cir. 1995), which states that "[t]he filing of a notice of appeal to a district court divests a bankruptcy court of jurisdiction to proceed with matters raised by such appeal." In taking the contrary view, the Warfels cite 28 U.S.C. § 158(d)(2)(D), which states that "[a]n appeal . . . does not stay any proceeding of the bankruptcy court . . . from which the appeal is taken, unless the respective bankruptcy court [or] the district court . . . in which the appeal is pending, issues a stay of such proceeding pending the appeal." 21st Mortgage did not ask either the bankruptcy court or this court for a stay of the bankruptcy proceedings.

Neither side acknowledges the authority cited by the other. But regardless of whether the bankruptcy court should have stayed implementation or modification of the plan, the court agrees with the Warfels that it is appropriate to apply the doctrine of equitable mootness to the appeal. Under thar doctrine, "[a]n appellate court may properly refuse to decide the merits of a challenge to a bankruptcy or receivership plan where unwinding the plan (even if legally justifiable) would be difficult and inequitable in light of the complexity of the transactions and the reliance interests involved." *Duff v. Central Sleep Diagnostics, LLC*, 801 F.3d 833, 840 (7th Cir. 2015). Courts also consider whether the appellant "pursued with diligence all available remedies to obtain a stay of execution of the objectionable order." *In re López-Muñoz*, 983 F.3d 69, 72 (1st Cir. 2020).

In this case, four factors support a conclusion that the court should apply the doctrine of equitable mootness. First, the trustee has already distributed assets under the plan to

innocent third parties. If this court were to conclude that the plan was unlawful, it could require the trustee to claw back those assets, causing further disruption, delay, and expense.

Second, the plan being challenged has already been modified, and the bankruptcy court is considering a new plan to which 21st Mortgage has objected, raising new issues that are not at issue in this appeal. Granting relief to 21st Mortgage in this appeal would require the bankruptcy court to disregard a year's worth of developments in the case.

Third, despite its protestations that the bankruptcy court should have waited for this appeal to be resolved, 21st Mortgage never complained to either the bankruptcy court or this court that the bankruptcy court was acting unlawfully. 21st Mortgage did not raise the issue with this court until January 2022, after the Warfels asked the court to dismiss the appeal as moot. 21st Mortgage provides no explanation for standing back and doing nothing.

Fourth, the primary issue that 21st Mortgage is raising in this appeal is no longer in dispute in the bankruptcy court. 21st Mortgage says that a remand is necessary for the bankruptcy court to reconsider the plan in light of this court's ruling in an appeal of an adversary proceeding, *21st Mortgage Corporation v. Warfel,* No. 22-cv-88-jdp (W.D. Wis. Dec. 14, 2022), that the bankruptcy court erred by concluding that 11 U.S.C. § 544(b)(1) authorized avoidance of 21st Mortgage's lien. Dkt. 19, at 4. But the proposed plan in front of the bankruptcy court now does not rely on the avoidance of the lien. *In re Warfels*, 20-11651-cjf (Bankr. W.D. Wis.), Dkt. 175. 21st Mortgage has raised other objections to the proposed plan, but those can be decided in the first instance by the bankruptcy court.

The bottom line is that deciding 21st Mortgage's appeal could do significant harm to third parties and require the bankruptcy court to start over after much water is under the bridge without necessarily providing much benefit to 21st Mortgage. And 21st Mortgage is in part to

3

blame for its predicament by allowing bankruptcy proceedings to continue without objection. Under these circumstances, the court will dismiss 21st Century's appeal under the doctrine of equitable mootness. If 21st Mortgage objects to the bankruptcy court's resolution of the Warfels' modified plan, 21st Mortgage may file a new appeal at that time.

ORDER

IT IS ORDERED that 21st Mortgage Corporation's appeal is DISMISSED under the doctrine of equitable mootness. The clerk of court is directed to enter judgment accordingly.

Entered February 9, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge